## EL PUEBLO *v.* BURGOS.

Apelación procedente de la Corte de Distrito de San Juan.

No. 388.—Resuelto en diciembre 18, 1911.

Derecho Penal—Acometimiento y Agresión con Circunstancias Agravantes—Alegación de Haber Estado Anteriormente Expuesto por el Mismo Delito (Former Jeopardy)—Apreciación de la Alegación de (Former Jeopardy) en Apelación.—Para que el Tribunal Supremo pueda apreciar en grado de apelación la defensa hecha por el acusado de haber estado anteriormente expuesto por el mismo delito, no basta consignar simplemente en la relación de hechos que se hizo por el acusado tal alegación apoyándose en razonamientos orales, sino que es necesario que consten los hechos en que se basó la alegación.

Id.—Prueba Contradictoria—Apreciación de la Misma Hecha por el Juez Sentenciador.—Cuando la prueba practicada es contradictoria la apreciación que de la misma haga el juez sentenciador no será revocada por este tribunal en apelación, a menos que se demuestre que actuó movido por pasión, prejuicio o parcialidad, o con manifiesto error.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación contra sentencia de la Corte de Distrito de San Juan, Sección 2ª., en un caso de acometimiento y agresión con circunstancias agravantes.

La vista del recurso se celebró el día 29 de noviembre último y en ella, el abogado del recurrente solicitó la revocación de la sentencia apelada o la modificación de la misma, en cuanto a la imposición de la pena en el caso de que no hubiere lugar al primer pronunciamiento.

Los motivos alegados fueron:

1°. porque el acusado estuvo anteriormente expuesto por el delito perseguido y castigado en esta causa;

2°. porque las pruebas practicadas no fueron suficientes para declarar culpable al acusado, y

3°. porque la pena que se impuso al condenado es excesiva.

En cuanto al primero de los motivos alegados, sólo consta en la "relación de hechos" preparada por el mismo recurrente y aprobada y certificada por el Juez sentenciador que: "Después de leer la denuncia el secretario de la corte, el abogado del acusado presentó la excepción de haber estado el acusado expuesto antes por el mismo delito, apoyándose en los razonamientos orales que expuso. El Fiscal se opuso a dicha excepción; la corte la desestimó. El abogado del acusado tomó excepción."

Siendo esto así, es bien claro que no tenemos base para discutir los méritos de la excepción. No basta consignar que se hizo por el acusado la alegación que autoriza el artículo 162, No. 4°. del vigente Código de Enjuiciamiento Criminal, apoyándose en razonamientos orales, sino que es necesario incluir en la transcripción del récord la prueba que se presentara a la corte sentenciadora, si se presentó alguna, para que podamos decidir si el apelante estuvo realmente expuesto en otra ocasión por el mismo delito que se persigue en esta causa.

En cuanto al segundo motivo, aparece que el Fiscal en su acusación imputó a Rafael Burgos el hecho de haber acometido y agredido voluntaria e ilegalmente y con intención de causarle daño a Jorge Romany, infiriéndole con el puño varias contusiones de carácter grave, y que presentó para probarlo las declaraciones del perjudicado Romany, de los testigos

Díaz, Merced y Figueroa y de los peritos médicos Orcasitas y Marcano.

Romany declara, en resumen, que iba en su coche por la carretera central y Burgos le pidió que lo llevara hasta su casa. Que accedió, que Burgos subió al coche y ya en él le acometió y agredió auxiliado de otro hombre que lo sujetó por la espalda. El testigo Díaz manifiesta que poco después de haber salido Romany de la casa del testigo volvió a ella "estropeado, con muchisimos golpes en la cara, echando sangre por la nariz, ojos, boca y oídos." Los testigos Merced y Figueroa dicen, en substancia, que vieron cuando Burgos auxiliado de otra persona agredía a Romany y los peritos médicos expresan que examinaron a Romany quien presentaba muchos golpes, notándose en las fosas nasales, en los oídos y en la boca gran cantidad de sangre procedente de las lesiones que fueron producidas por un cuerpo contundente. Que dos horas después del examen se inició en Romany una fuerte congestión cerebral. Que Romany ha curado, pero quedándole una inflamación de las encías que dificulta la masticación.

Y aparece también que la defensa presentó prueba de testigos tendente a demostrar que Burgos se encontraba en su casa en el momento en que se alega que ocurrió el suceso; que Romany se causó las heridas al caerse del coche que lo conducía por haberse espantado el caballo con un automóvil, y a desacreditar el testimonio de los testigos de la acusación Merced y Figueroa.

La prueba practicada es, pues, contradictoria. El juez sentenciador resolvió el conflicto en contra del acusado. Y como no se ha demostrado que actuara movido por pasión, prejuicio o parcialidad, o que cometiera algun error manifiesto, debemos aceptar su resolución como la justa y procedente.

Y en cuanto al tercero y último motivo diremos que aceptando como aceptó el Juez de Distrito la verdad de las declaraciones de los testigos de la acusación, el hecho cometido por

Burgos reviste tal gravedad, que la pena que se le impuso en vez de excesiva resulta leve.

No siendo en tal virtud suficientes las razones alegadas por el apelante para obtener la revocación o modificación en su caso de la sentencia contra él dictada y apareciendo además que no se ha cometido error fundamental alguno, procede que se declare sin lugar el recurso interpuesto y se confirme la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.